UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PATHWAHANDI T. SILVA and ARIYAWATHIE D. MANNAGA,

                              Plaintiffs,

          -against-

NORTHFIELD BANCORP, INC. and
NORTHFIELD BANK, d/b/a NORTHFIELD
SAVINGS BANK,

                              Defendants.

------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 23 2012 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

12-cv-555 (ENV)(LLB)

**VITALIANO, D.J.**

In this personal injury action alleging only state law claims, plaintiffs Pathwahandi T. Silva and Ariyawathie D. Mannaga, both New York residents, allege Silva was injured while working at Richmond County Country Club ("RCCC") on Staten Island. Given that diversity of citizenship is the claimed jurisdictional peg, plaintiffs, obviously, have not named RCCC as a defendant. Instead, they have sued two other entities – both financial institutions – which allegedly lent funds to RCCC: Northfield Bancorp, Inc., which plaintiffs allege to be a citizen of Delaware, and Northfield Savings Bank ("the Bank"), which plaintiffs allege to be a citizen of New Jersey. Rather than answer, defendants requested permission to file a motion to dismiss, arguing that the Bank is a citizen of New York, which, if true, would destroy complete diversity and the Court's jurisdiction. See St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005). Given defendants' request, the Court ordered defendants to provide proof of the Bank's citizenship. Conditioned on submission of such proof by defendants, plaintiffs were ordered to show cause why the action should not be dismissed for want of subject matter jurisdiction. Defendants have since filed their proof, and plaintiffs have responded to the order to show cause. For the reasons given below, the Court dismisses the action for want of subject matter jurisdiction.

## Discussion

Title 12 U.S.C. § 1464(x) states that "[i]n determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." See Vinokur v. Sovereign Bank, 701 F. Supp.2d 276, 279, n. 1 (E.D.N.Y. 2010). Defendants have submitted an affidavit of a Bank officer attesting that the Bank is "a Federal savings association chartered under Section 5 of the Home Owners' Loan Act" with its home office in Staten Island, New York. Consistent with the affidavit, defendants have provided a copy of the Bank's federal stock charter, which states "the home office shall be located in Staten Island, New York." See generally First Premier Bank v. Metabank, No. CIV 06-4115, 2007 WL 963492, at *5 (D.S.D. March 23, 2007) (explaining that a federal savings association's home office is identified in its charter). In short, defendants have submitted proof demonstrating that the Bank is a citizen of New York for diversity jurisdiction purposes.

Apparently undeterred by this proof, plaintiffs press that the Bank is not a federal savings association, citing to the Bank's 2011 Annual Report in which the Bank refers to itself as a "federal savings bank." Although plaintiffs do not expressly carry their argument to any relevant conclusion, they must intend to argue that if the Bank were a "federal savings *bank*" instead of a "federal savings *association*" subject matter jurisdiction would somehow spring into existence. Perhaps plaintiffs stop short of this logical conclusion, for such argument would be thoroughly without merit. Whatever differences exist between federal savings associations and federal savings banks, their citizenships for diversity jurisdiction purposes are determined in exactly the same way.[1] See Wilmington Savings Fund

---

[1] In making this argument, plaintiffs have also confused the term "federal savings bank" with the term "national bank." Federal savings associations and national banks do have differences that are relevant to diversity jurisdiction. See Taheny v. Wells Fargo Bank, N.A, No. CIV. S-10-2123, 2012 WL 1120140, at *14 (E.D. Cal. April 3, 2012). But, nothing in the record indicates the Bank is a national bank. See infra.

2

Soc., FSB v. Left Field Properties, L.L.C., Civil No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011) ("For diversity purposes, the citizenship of a federal savings bank is determined by the location of its home office." (citations omitted)). Moreover, the Bank's alternate use of the nomenclature "association" and "bank" is not improper. See, e.g., Fleury v. Specialized Loan Servicing, LLC, No. 11-26987-E-13, 2011 WL 4851141, at *8 (Bankr. E.D. Cal. Oct. 6, 2011) ("The term 'Federal savings association' means any 'Federal savings association' or 'Federal savings bank.'" (quoting 12 U.S.C § 1813(b))). Finally, and notably, the annual report plaintiffs rely on indicates the Bank is a citizen of New York because, in addition to identifying the Bank as a federal savings bank, it states that the Bank "conducts business primarily from its home office located at 1731 Victory Boulevard, Staten Island, New York 10314." (Dkt. 11, Att. 1, at 10.) That is, the exhibit submitted by plaintiffs corroborates defendants' proof.

As might be expected, plaintiffs next switch their focus to a new set of words and phrases, contending that the Bank made an "unequivocal admission" that it is a "*national* bank" instead of a "*Federal* savings association" when the Bank identified its regulator as the Office of the Controller of the Currency (the "OCC"). But, as plaintiffs could and should have discovered, the OCC, in addition to regulating national banks, also regulates federal savings associations. See, e.g., Baytree Leasing Co., LLC v. Alliance Investors, LLC, No. 11-cv-6619, 2012 WL 1016016, at *1 (N.D. Ill. March 21, 2012).

Yet, there is more as plaintiffs creep ever closer to the sanctions line. Next on the menu, they argue that defendants' federal stock charter is inadmissible because of alleged failures to comply with the Federal Rules of Evidence regarding certification and chain of custody. For purposes of this application, there is more than sufficient proof in admissible form showing the location of the Bank's home office. Indeed, the Court has no reason to question the truthfulness of the Bank's attorney's declaration or its officer's sworn affidavit, each of which states the Bank's home office location is on

3

Staten Island.² Moreover, it is plaintiffs' burden to establish the Court's jurisdiction, see Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000), and plaintiffs' attempt at doing so, in principal part, has only produced more proof that jurisdiction is wanting.³ Unable to assault the showing that the Bank is a federal savings association with its home office in New York, plaintiffs have failed to show cause why this action should not be dismissed. See APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) ("Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."); Schachter v. Brown, 93 Fed. App'x 320, 321 (2d Cir. 2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (quoting Fed.R.Civ.P. 12(h)(3))).

## Conclusion

This action is dismissed for want of subject matter jurisdiction, without prejudice to its refilling in a court of competent jurisdiction.

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 18, 2012

s/ENV

ERIC N. VITALIANO
United States District Judge

---

[2] Though the originally submitted copy of the affidavit was unsigned, defendants have since remedied that clerical oversight by filing a signed and notarized copy.

[3] Succinctly, as noted supra, plaintiffs' submissions, to the extent they demonstrate anything, demonstrate the Bank is a citizen of New York because its home office is located on Staten Island. (See Dkt. No. 11, Att. 1, at 10).

4